**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

ESTATE OF D. QUANTAZE CAMBELL
by Quanise McClain, Special Administrator

      Plaintiffs,

v.

CODY WOODS, DANE COUNTY, JOHN DOES 1-5,
and ABC INSURANCE COMPANY,

      Defendants.

Case No.:

JURY TRIAL DEMANDED

**COMPLAINT**

**NOW COMES** the above-named Plaintiff, The Estate of Quantaze D. Campbell ("Estate"), by Quanise McClain, Special Administrator, by and through its attorneys, CADE LAW GROUP LLC, and as for the Estate's claims for relief against the above-named Defendants, respectfully allege for their Complaint and show the Court as follows:

**INTRODUCTION**

1. On October 13, 2022, Cody Woods deployed deadly force against Quantaze Campbell in the parking lot of a Super 8 Motel in Windsor, Wisconsin.

2. Campbell was transported to the University of Wisconsin-Hospital by med-flight for a gunshot wound in the lower quadrant of his abdomen. He was pronounced dead at 7:45 p.m. after life-saving measures had been performed.

3. The Estate filed a Notice of Claim with Defendants Dane County and Barrett on June 22, 2024. A true and correct copy of the Notice of Claim is attached hereto and incorporated herein as **Exhibit 1**.

4. Dane County never filed a response or disallowance to the Notice of Claim.

5. All of the Defendants are sued in their individual and official capacities. At all relevant and material times, these Defendants were acting under the color of state law; pursuant to their authority as deputies, officials, agents, contractors, or employees of Dane County; within the scope of their employment as representatives of public entities, as defined in 42 U.S.C. § 12131(1), and were deliberately indifferent to the constitutional, civil, and statutory rights of decedent Quantaze D. Campbell.

## JURISDICTION AND VENUE

6. This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Therefore, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331(a) and 1343, the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction supporting Plaintiff's claims for attorney fees and costs is conferred by 42 U.S.C. § 1988.

7. Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1367. This Court has supplemental jurisdiction over any other Wisconsin state law claims Plaintiff may make because they form part of the same case or controversy.

8. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b) because the violations complained of under 42 U.S.C. § 1983 occurred in the Western District of Wisconsin. In addition, Defendants are located in the Western District of Wisconsin.

## THE PARTIES

9. Plaintiff, the Estate of Quantaze Campbell (the "Estate"), is the Estate opened and created for decedent, Quantaze D. Campbell ("Campbell"), who was shot and killed in Dane County on October 13, 2022, by Cody Woods, acting under color of

law as a Dane County Sheriff's Deputy. At all times material hereto, Quantaze was entitled to Constitutional Rights, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and to be treated in a manner that was not cruel and unusual punishment, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

10. Special Administrator Quanise McClain is an adult citizen of the United States and a resident of Dane County, in the State of Wisconsin, and is Quantaze Campbell's biological daughter. Ms. McClain is the appointed Special Administrator to Mr. Campbell's estate.

11. Defendant Cody Woods, upon information and belief, is an adult citizen of the State of Wisconsin. At the time of Quantaze's death, Defendant Woods was a deputy with the Dane County Sheriff's Department at all times relevant to this action and was acting under color of law and within the scope of his employment with the Dane County Sheriff Department. The business/employment address for Woods is 115 W. Doty Street, Madison, WI 53703.

12. Defendant Dane County, with offices of its executive at 210 Martin Luther King Jr. Blvd., Madison, WI 53703, is and was at all material times hereto, a Municipal Corporation organized under the laws of the State of Wisconsin. Dane County established, operated, and maintained the Dane County Sheriff's Office ("DASO") at all times material hereto. Dane County is ultimately responsible for the training, supervising, and discipline of DASO employees and the creation and implementation of its policies and procedures.

13.     Defendant John Does 1-5, upon information and belief, are adult citizens of the State of Wisconsin and were employees, agents or deputies employed by the Dane County, and they directly or indirectly assisted Woods in his seizure of Campbell. Their identifies are unknown. Plaintiff will amend this Complaint to identify them by their names once their identifies are discovered.

14.     Defendant ABC Insurance Company, upon information and belief, is a domestic company duly conducting business in the State of Wisconsin and is engaged in the business, among other things, of issuing policies of insurance within the State of Wisconsin. Upon information and belief, at all relevant times herein, Defendant ABC issued a policy of liability insurance to Woods, Does 1-5, and Dane County and all its employees and/or agents. By the terms of said policy, Defendant ABC agreed to pay any and all sums for which Dane County and/or its agents and employees might be held legally liable for injuries or damages caused by Woods, Does 1-5 and Dane County and/or its employees and agents. Upon information and belief, said ABC insurance policy was in full force and effect during all time periods relevant here. Pursuant to Wis. Stat. § 803.04, Defendant ABC Insurance Company is a prior party to this action.

## STATEMENT OF FACTS[1]

15.     Sometime on the night of October 12, 2022, after 7 p.m., a 2011 Ford F150 purportedly was stolen out of the parking lot for the Super 8 Motel in the City of Madison.

16.     Around 6:35 a.m. on October 13, the owner of the F150 reported the vehicle stolen to the Madison Police Department.

---

[1] All of the facts identified in this Complaint are based on redacted investigative reports created by Wisconsin Department of Justice and/or Criminal Investigation Division. A redacted version of the DCI investigative report is located at https://www.doj.state.wi.us/dci/oici/village-windsor-quantaze-d-campbell

17. The video footage from the Super 8 on the night of October 12 showed a subject dressed in a white hoodie got into the F150 and drove off. Upon information and belief, no further investigatory action was taken after the video was reviewed.

### Around 2:30 p.m. on October 13, 2022

18. Deputy Woods arrived for work around 11 a.m. on October 13, 2022.

19. Around 2:30 p.m. on October 13, 2022, Woods conducted a search of outstanding warrants.

20. Woods found an outstanding warrant for Campbell and decided to show up at the address listed on the warrant.

21. The outstanding warrant was issued because Campbell failed to appear for a hearing in Dane County Case No. 22-CF-1605 where he was charged with theft of moveable property as a party to a crime.

22. Woods went to the address the warrant had listed for Campbell, but when Woods knocked on the door, a 60-year-old women answered and informed Woods that Campbell did not live there.

### Around 6:00 p.m. on October 13, 2022

23. DASO utilizes a license plate recognition system called Flock. Flock cameras are installed at different locations throughout the county and capture license plates of vehicles as they drive by. When the license plate of a stolen vehicle is captured, DASO is alerted.

24. On October 13, 2022, while on-duty, Deputy Cody Woods received an alert in his department email from the Flock system regarding a stolen vehicle. The alert stated a stolen vehicle had been captured traveling northbound on Lake Road from Lake Circle.

5

It included vehicle information as well as a photograph of the stolen vehicle as it drove by the Flock camera.

25.     Deputy Woods obtained the license plate of the stolen vehicle and confirmed it was associated with a stolen Ford F150, which matched the description on the Flock alert and the photographs attached to the alert.

### Around 6:10 p.m. on October 13, 2022

26.     Deputy Woods drove to the area where the vehicle had been spotted and located the stolen vehicle in the Super 8 parking lot backed into a parking stall.

27.     Deputy Woods approached the stolen vehicle in his squad and activated his emergency lights.

28.     Deputy Woods then exited his vehicle, drew his weapon, dangerously and without provocation jumped in front of the vehicle, and shouted verbal commands at the vehicle's occupants to stay in the car.

29.     The driver of the stolen vehicle, later identified as Quantaze D. Campbell, began to coast forward and pull out of the parking stall.



6

30. Deputy Woods immediately instructed Campbell to reverse and put the Vehicle in park. Campbell complied and also put his hands up.

31. While in the parking stall, Campbell opened the driver door and began to exit the vehicle. Deputy Woods, with his gun pointed at Campbell, approached the driver door and shouted instructions for Campbell to stop and turn off the vehicle.



**Around 6:15 p.m. on October 13, 2022**

32. While Deputy Woods had his gun pointed at Campbell, a passenger inside the vehicle (Female 1)[2] opened the front passenger door, and both Female 1 and Campbell attempted the exit the vehicle.

---

[2] Female 1's name is redacted in the reports created by the Wisconsin Department of Justice and Plaintiff will identify Female 1 as soon as Plaintiff receives unredacted reports from DOJ.

7

33. Deputy Woods walked closer to the driver side of the vehicle, with his gun still drawn at Campbell, and yelled verbal commands for Campbell and Female 1 to stay inside the Vehicle.



34. Campbell complied and got back inside the vehicle, but Female 1 managed to jump out of the truck while Campbell pulled forward and made a right hand-turn out of the parking stall.

35. As Campbell started to drive away, Deputy Woods repositioned himself from the driver side of the vehicle to the front of the vehicle to block Campbell from pulling away. He literally jumped in front of the vehicle.

36. As Campbell completed the right-hand-turn out of the parking stall and passed Deputy Woods, Deputy Woods shot him through the driver's side window of the truck.

37. Deputy Woods made a radio transmission that indicated shots had been fired and that Campbell was shot in the back.

38. The truck continued to drive northbound through the parking lot into an open field where the truck came to a halt.

39. The second passenger (Female 2)[3] got out of the truck once it came to a stop.

40. Female 2 ran over to Woods and began screaming that Campbell was shot.

41. Subsequently, other officers appeared.

42. One of the passengers that had been in the truck was temporarily being held in the squad vehicle for another DASO Deputy named Yang. One of the passengers saw Deputy Yang's phone, which had messages from Facebook Messenger popping up from DASO colleagues.

43. The messages were with other police officers in relation to Campbell. Some of the messages said, "don't stop get shot," "he got what he deserved," "this is what happens when you don't follow instructions," "don't listen get hurt," and "he had it coming."

44. The ambulance arrived around 6:25 p.m. to take Campbell via a Med Flight to the hospital so that Campbell could be treated.

45. Campbell was later determined to have succumbed to his gunshot wounds and died at the hospital shortly thereafter, around 7:45 p.m. on October 13, 2022.

---

[3] Female 2's name is redacted in the reports created by the Wisconsin Department of Justice and Plaintiff will identify Female 2 as soon as Plaintiff receives unredacted reports from DOJ.

## CLAMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Use of Excessive Force – 42 U.S.C. § 1983
### (Against Defendant Woods)

46. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

47. Woods fired at least one shot at Campbell while Campbell was pulling out of the parking stall.

48. Woods was not under threat of bodily harm and objectively did not have the right to use deadly force.

49. Woods created a self-inflicted dangerous situation by his actions of positioning himself after exiting his squad Vehicle and his decision to move closer to the vehicle as Campbell attempted to drive away.

50. By shooting Campbell, Woods employed unjustified deadly force with a substantial risk of causing death or serious bodily harm, causing Campbell's death.

51. Woods' use of force was not justified under the totality of the circumstances because Woods did not know whether the occupants of the truck contained individuals who were a threat to public safety, had committed a violent crime, or whether the occupants had committed a felony.

52. No objectively reasonable officer or deputy would believe that driving away from law enforcement placed Woods or others in imminent danger of death or serious bodily injury, nor does the avoidance of police presence warrant deadly force.

53. Campbell was deprived on his rights to be free from unreasonable seizures through the use of excessive force as consistent with the Fourth and Fourteenth Amendment to the United States Constitution.

54. Plaintiff has suffered damages in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### Monell – 42 U.S.C. § 1983
### (Against Defendant Dane County)

55. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

56. Defendant Woods' excessive use of force on October 13, 2022, deprived Campbell of his Fourth and Fourteenth rights under the United States Constitution.

57. Prior to October 13, 2022, Defendant Dane County, knew of should have known that the Department did not have adequate policies or training in place with regards to its deputies using deadly force, including the firing of a weapon into moving or stationary vehicles.

58. Prior to October 13, 2022, Defendant Dane County, knew of should have known that the Department did not have adequate policies or training in place with regards to its deputies creating danger by placing themselves in front of a vehicle that was moving to try to stop it.

59. Despite this knowledge, Dane County failed to take necessary steps to provide adequate training and/or supervision to the Department's employees and agents to ensure its employees acted consistently with the use of deadly force, including the firing of a weapon into a moving vehicle, as required by federal, state, and local law, including the United States Constitution.

60. Defendant Dane County and/or supervisory members failure to provide adequate training amounted to deliberate indifference on the part of the County to the constitutional rights of Campbell.

61. The deliberate indifference of Dane County, through its supervisory members, to the constitutional rights of Campbell, despite repeated knowledge of the failure of the Department's employees to comply with the Department's rules, including the use of deadly force and firing a weapon into a moving vehicle, directly and proximately deprived Campbell of his constitutional rights, and caused him injuries, conscious pain and suffering, and ultimately death.

62. Plaintiff has suffered damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### Wrongful Death – Wis. Stats. §§ 895.03 and 895.04
### (Against Defendants Woods, Does 1-5 and Dane County)

63. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

64. Defendant Woods had a duty to observe and respect Campbell's constitutional rights to be free from excessive use of force and death.

65. Woods breached his duty of care.

66. Had Woods properly observed and not deprived Campbell of his constitutional rights, Campbell would not have been killed nor injured and suffered conscious pain and suffered.

67. Woods' breach was a direct and proximate cause and substantial factor in Campbell's damages.

68. Dane County is responsible for Woods' action under respondent superior.

69. Dane County owed Campbell a duty of care to ensure that its agents, deputies and other employees were properly trained in how to effectuate arrests and not create danger by jumping in front of a vehicle.

70. Dane County beached its duties by failing to properly supervise Woods.

71. Does 1-5 had a duty to ensure that Woods or other members of DASO had accurate information about stolen vehicles and certain trainings.

72. Does1-5 breached their duties

73. As a result of the negligence of Woods, Dane County and Does 1-5, Campbell suffered injuries, great conscious pain and suffering and ultimately death.

74. Plaintiff has suffered damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### Due Process State-Created Danger – 42 U.S.C. § 1983
### (Defendant Woods)

75. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

76. Defendant Woods acted under color of law.

77. Woods' acts of getting out of his squad Vehicle while Campbell was driving away and commanding Campbell to reverse into the parking stall and position himself in front of the truck created a strong likelihood of serious harm to Campbell or increased Campbell's serious risk of harm.

78. Woods was aware of the risk of positioning himself in front of the truck when Campbell already tried to drive away once before, Woods knew that Campbell could try to drive away again and if Campbell did drive away again, Woods knew Campbell could have been harmed, despite this risk, Woods consciously failed to take reasonable measures to prevent Campbell from being shot and killed.

79. It was foreseeable to Woods that by positioning himself in front of the truck, despite knowing that Campbell could attempt to drive away again, would lead to Campbell being hurt.

80. Woods' conduct of position himself in front of the vehicle amounted to deliberate indifference and caused the purported danger (Campbell driving away in the vehicle).

81. Woods' acts caused Campbell's injuries and damages in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
### Failure to Train and Supervise – pursuant to Wisconsin Law
### (Against County)

82. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

83. Defendant Dane County is negligent and derelict in its duties and responsibilities.

84. Dane County's actions and inactions resulted in an injury to Campbell, and caused him pain and suffering, among other things.

85. At all material times to this Complaint, Dane County had a duty to hire and supervise properly trained personnel to patrol in the County and to prevent the harm and death of persons such as Campbell.

86. But for the failure of Dane County to properly supervise, training, and hire its agents, contractors and employees under state law, Campbell would not have been killed and great conscious pain and suffering, and other forms of damages.

87. As a direct and proximate result of the negligence of Dane County, Campbell suffered, among other things, conscious pain and suffering, great physical and emotional pain and suffering, medical expenses, among other damages, and ultimately death in an amount to be proven at trial.

## RELIEF

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

    a. Against Defendant Woods for compensatory damages, for the violation of Mr. Campbell's rights, as set forth above, in an amount to be determined at a trial of this matter;

    b. Against Defendant Woods for punitive damages for the violation of Mr. Campbell's rights, as set forth above, in an amount to be determined at a trial;

    c. Against Defendant Dane County for compensatory damages and for its liability pursuant to Wis. Stat. § 895.46 to indemnify the individual Defendants in an amount to be determined at trial;

    d. Against Defendant Does 1-5 for compensatory damages, for the violation of Mr. Campbell's rights, as set forth above, in an amount to be determined at a trial of this matter

    e. For all costs, disbursements, and actual attorneys' fees pursuant to 42 U.S.C.A. §1988, and for such other relief as the Court deems just and equitable.

Dated this 13th day of February, 2025.

                    **CADE LAW GROUP LLC**
                    Attorneys for Plaintiff

By:   *Electronically signed by Nathaniel Cade, Jr.*
       Nathaniel Cade, Jr. SBN 1028115
       Annalisa Pusick, SBN: 1116379
       Antonique Williams, SBN: 1051850
       Madison Bedder, SBN: 1121996
       PO Box 170887
       Milwaukee, WI 53217
       P: (414) 255-3802
       F: (414) 255-3804
       E: nate@cade-law.com
          annalisa@cade-law.com
          antonique@cade-law.com
          madison@cade-law.com

**PLAINTIFF DEMANDS A JURY TRIAL OF THIS MATTER ON ALL ISSUES SO TRIABLE.**