IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ESTATE OF QUANTAZE D. CAMPBELL,

                Plaintiff,

  v.                                                  OPINION and ORDER

CODY WOODS, DANE COUNTY,
JOHN DOES 1-5,                                       25-cv-105-amb
and ABC INSURANCE COMPANY,

                Defendants.

---

Plaintiff, the estate created for decedent Quantaze D. Campbell, alleges that defendant Dane County Sheriff's Deputy Cody Woods used excessive force against Campbell, resulting in his death. Before the court is plaintiff's motion to serve defendant Woods by publication. Dkt. 11. For the following reasons, the motion is DENIED without prejudice.

Federal Rule of Civil Procedure 4(e) provides an exclusive list of the methods by which an individual may be served with a summons and complaint: (1) personal delivery to the individual; (2) leaving copies at the individual's "dwelling or usual place of abode" with a person of suitable age and discretion who resides there; (3) delivery to an authorized agent of the individual; or (4) service effected pursuant to the law of the state where the district court sits. Wisconsin law authorizes service of a summons to a "natural person" by: (1) personal delivery; (2) leaving a copy at a place of abode with a competent person; (3) delivery to an authorized agent; or (4) publication. *See* Wis. Stat. § 801.11(1).

Plaintiff has unsuccessfully attempted to serve Woods by delivering the summons and complaint to his alleged employer, the Dane County Sheriff's Office.[1] The court issued

---

[1] The court notes that although defendant Dane County was reportedly served on February

summons to Woods on February 14, 2025.  Dkt. 4.  Plaintiff's counsel attests that a process server unsuccessfully tried to serve Woods with process at the Dane County Sheriff's Office on February 28, 2025.  Counsel reports that the Sheriff's Office would not accept service on behalf of Woods and that the process server was told that plaintiff could either pay for service by the Sheriff's Civil Process Division or plaintiff could serve Woods at his home address.[2]  Dkt. 12-1 at 1.

Plaintiff now asks to serve Woods by publication, a last resort, without first attempting to serve him at his home or waiting to see whether Woods will ultimately waive service and moot this request.  *See* Dkt. 10 (waiver request sent to Woods; response due April 15, 2025).  Wisconsin law only allows for service by publication when personal service cannot be accomplished "with reasonable diligence" and when publication is combined with mailing.  *See* Wis. Stat. § 801.11(1)(c) ("If with reasonable diligence the defendant cannot be served under par. (a) or (b), service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing.").  Reasonable diligence does not require "all possible diligence which

---

28, 2025, Dkt. 7, it has yet to appear in this lawsuit.  Had it appeared, plaintiff's counsel could have addressed this service issue, and perhaps resolved it, with counsel for Dane County.  That may yet be an option, as the case is still in its earliest stages.

[2] In the court's experience, the Sheriff's Office has accepted service for its employees in similar circumstances without demanding a fee, although it could stand on principle and refuse, as it apparently did here.  Federal Rule of Civil Procedure 5(b)(2)(i) allows service of a paper by leaving it "at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office," but that is for papers served after the summons and original complaint are properly served under Rule 4, and it is not entirely clear the Sheriff's Office is Woods' office for purposes of Rule 5.  So, while the Sheriff's Office is perhaps elevating form over function, it has the rules in its corner.  And there may be something more at work here that distinguishes this case from others.  In any event, the $40 service fee is not unreasonable on its face, so that is yet another option plaintiff could use before asking to complete service by publication.

may be conceived." *Haselow v. Gauthier*, 212 Wis. 2d 580, 569 N.W.2d 97 (Ct. App. 1997). But it does require a plaintiff to "exhaust . . . any leads or information reasonably calculated to make personal service possible." *Cunningham v. Montes*, No. 16-CV-761-JDP, 2018 WL 2390118, at *2 (W.D. Wis. May 25, 2018); *see also West v. West*, 82 Wis. 2d 158, 164, 262 N.W.2d 87, 89 (1978).

Plaintiff has not established that service by publication is appropriate now. Plaintiff has attempted to serve Woods in person only once at his place of employment, is still waiting for a response to the waiver request, and has yet to attempt service by leaving a copy of the summons and complaint in Woods' "usual place of abode" as required before resorting to service by publication. *See* Wis. Stat. § 801.11(1)(c) (service may be made by publication if defendant cannot be served under par. (a) or (b)); *see also Goat LLC v. Advanced Wholesale LLC*, No. 23-CV-1526-JPS, 2025 WL 743693, at *7 (E.D. Wis. Mar. 7, 2025) ("Only when a plaintiff's reasonable diligence under both methods fails may it then serve a defendant via publication.").

Plaintiff speculates that having to serve Woods at his home could be dangerous to a process server because he will likely be armed, but does not explain the basis for this belief beyond the fact that Woods is a deputy alleged in this lawsuit to have used excessive force. And a process server may leave the complaint and summons with a "competent member of the family at least 14 years of age" or "a competent adult" who currently resides in the home rather than with Woods. Wis. Stat. § 801.11(1)(c). Plaintiff also asserts that service at Woods' home would require his home address, information plaintiff states would be problematic for the sheriff's deputy if publicized in an affidavit of service. But plaintiff will need to mail a copy of the summons and complaint to Woods' home to complete service by publication, *see id.* (service

3

may be made by publication and by mailing), and regardless any affidavit may be filed under seal.

On the facts in this case, reasonable diligence would call for plaintiff to attempt personal service at Woods' home. *See Cunningham*, No. 16-CV-761-JDP, 2018 WL 2390118, at *2 (plaintiff was required to attempt service at a house where defendant spent significant time). Plaintiff's single attempt at personal service so far is thus insufficiently diligent to resort to service by publication. *See, e.g.*, *Goat LLC*, No. 23-CV-1526-JPS, 2025 WL 743693, at *8 ("Plaintiffs' single attempt at service is inadequate to establish that they were reasonably diligent in attempting to serve Defendants.").

## ORDER

IT IS ORDERED that plaintiff's motion for service by publication, Dkt. 11, is DENIED without prejudice to its renewal after plaintiff has made additional efforts to serve defendant Cody Woods.

Entered March 26, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge