UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ESTATE OF D. QUANTAZE CAMPBELL
by Quanise McClain, Special Administrator,

    Plaintiff,

v.

    Case No. 25-cv-00105-wmc

CODY WOODS, DANE COUNTY, JOHN DOES 1-5,
and ABC INSURANCE COMPANY,

    Defendants.

---

## AFFIDAVIT OF JOSHUA L. COTILLIER

---

STATE OF WISCONSIN    :
    : *SS*
DANE COUNTY    :

I, Joshua Cotillier, being first duly sworn on oath, depose and state as follows:

1. I am an adult resident of the State of Wisconsin and submit this Affidavit based on my personal knowledge and belief.

2. I am currently employed as Dane County's Risk Manager within its Department of Administration, a position I have held for approximately fifteen (15) months. Prior to this role, I served as the Risk Manager for Madison Area Technical College for fifteen (15) years. I hold a Master of Science in Occupational Safety and a Bachelor of Science in Education in Occupational and Environmental Safety and Health, both from the University of Wisconsin–Whitewater.

1

3. I am not legally trained, but I understand that lawsuits generally commence with the personal service of a Summons and Complaint upon the defendants. When I became Risk Manager for Dane County, I learned that federal court cases also provide an alternative method of service, which involves notifying a defendant of the lawsuit and requesting that they waive formal service. During my tenure with Dane County, I have routinely waived service on behalf of the County in numerous cases.

4. I first became aware that this lawsuit had been filed in federal court on or about February 17, 2025, when a member of the media contacted the Dane County Sheriff's Office seeking comment and provided a copy of the Complaint. The Sheriff's Office then forwarded that information to me via email, including the media's copy of the Complaint. As noted, the only document we received at that time was the Complaint as provided by the media. There was no Summons, no formal service, and no request to waive service.

5. In my role as Risk Manager, I am responsible for coordinating the retention of litigation defense counsel.

6. Consistent with that procedure, upon receiving the copy of the Complaint from the media, I promptly referred the matter to Attorney Remzy Bitar of Municipal Law & Litigation Group, S.C., who serves as litigation counsel.

7. I then began monitoring for service of the lawsuit.

8. On or about March 19, 2025, I became aware that Defendant Cody Woods had received a packet of legal papers which consisted of the Summons and

Complaint, notice of the lawsuit, waivers of service, and a motion for service by publication.

9. Attorney Bitar and I discussed the service materials, and he noted that the arrangement and content of the packet created some confusion because it contained service waivers but also service by publication papers. Nevertheless, we agreed to rely on the dates provided in the waiver forms and to file the executed waivers within 30 days of those dates, and to file an answer on behalf of Cody Woods within 60 days thereafter. Attorney Bitar also asked me to continue monitoring for service on Dane County or anyone else.

10. To the best of my knowledge at the time, Cody Woods was the only Defendant who had been served. Accordingly, I continued to monitor whether service had been completed on Dane County by checking with both the Sheriff's Office and the Corporation Counsel's Office. I also periodically updated Attorney Bitar to confirm that, to my knowledge, no further service had occurred.

11. On Tuesday, April 8, 2025, Attorney Bitar prepared the waiver of service for Defendant Cody Woods and, upon checking the court's docket, discovered that the Clerk had entered a default against Dane County. He then asked me to confirm once more whether service had been completed on the County. That same day, I learned that the Summons and Complaint had been delivered to the Dane County Clerk's Office. I also discovered that the Clerk had, in fact, forwarded those documents to me on February 28, 2025.

12. Unfortunately, I missed this email correspondence and did not take the necessary steps to notify the County's litigation defense counsel. I acknowledge and take full responsibility for this oversight and respectfully request the Court's understanding. In the short time I have served Dane County, I have done so to the best of my ability, including routinely cooperating with the U.S. Marshals Service to waive service of suits and to accommodate the needs of the federal court. I sincerely apologize for this error. I have already taken steps to improve my internal procedures and will remain vigilant in monitoring service issues going forward.

> Pursuant to 28 U.S.C. Sec. 1746 I, Joshua L. Cotillier, certify under penalty of perjury that the foregoing affidavit is true and correct to the best of my knowledge. Executed on this 14th day of April, 2025.
>
> */s/ Electronically signed by Joshua L. Cotillier*
> JOSHUA L. COTILLIER