# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

ESTATE OF D. QUANTAZE CAMBELL
by Quanise McClain, Special Administrator,

       Plaintiff,                     Case No.: 25-CV-0105

    v.

CODY WOODS, DANE COUNTY, JOHN DOES
1-5, and ABC INSURANCE COMPANY,

       Defendants.

---

## PLAINTIFF'S <u>COMBINED</u> RESPONSE TO DEFENDANT DANE COUNTY'S MOTION TO VACATE ENRRY OF DEFAULT (DKT. 25) AND MOTION FOR LEAVE TO EXTEND TIME TO FILE A LATE ANSWER (DKT. 28)

---

Plaintiff Estate of Estate of D. Quantaze Campbell ("Plaintiff" or "Campbell"), by its counsel, files this combined response to Defendant Dane County's motions for leave to vacate the entry of default (Dkt. 25) and for leave to file a late answer (Dkt. 28). This Court should deny both motions as Dane County has not demonstrated excusable neglect, but rather plain neglect.

While it is true that district courts enjoy wide latitude for deciding motions to vacate under Rule 6(b)(1(B), *Mayle v*. Illinois, 956 F.3d 966, 969 (7th Cir. 2020), the latitude is not unfettered. At a minimum, Defendants like Dane County must at least put forth a semblance of an appropriate reason for the delay or failure to comply with the deadline. As the Seventh Circuit noted, "The Federal Reporter is replete with examples of prisoners losing cases because they missed litigation deadlines and courts extended little forgiveness. Much less common are cases where correctional officers experience the same outcome. *But fairness is a two-way street*." *Bowman v. Korte*, 962 F.3d 995, 996

(7th Cir. 2020)(emphasis added).

Here, Dane County, through its risk manager, Joshua Cotillier, identifies a series of steps that he believes qualifies Dane County for relief under the excusable neglect standard. First, he notes that was aware this particular lawsuit was filed on February 17, 2025 through a request received from a reporter, who also supplied him with a copy of the complaint. *See* Affidavit of Joshua Cotillier (Dkt. 27), at ¶ 4. Mr. Cotillier further complains that he did not receive the summons (or even a request to waive service) because the media contact only supplied him with the complaint. *Id.* Interestingly, Mr. Cotillier then admits that he promptly contacted Attorney Remzy Bitar about the lawsuit. *Id.*, at ¶ 6. He also admits that he "began monitoring for service of the lawsuit." ¶ 7.[1] After Defendant Cody Woods received certain materials related to Plaintiff's motion to publish as to Defendant Cody Woods, *Id.*, at ¶ 8 and Dkt. 11, Mr. Cotillier *then discussed the service materials* with Attorney Bitar at some unknown time. Cotillier Aff., Dkt. 27, at ¶ 9. And, of course, Mr. Cotillier continued to monitor whether Dane County had been served by checking with the Sheriff's Office and Corporation Counsel. *Id.*, ¶ 10.[2] Finally, Mr. Cotillier claims that once Attorney Bitar had prepared the waiver of service form *and then checked the docket*, Attorney Bitar became aware of an entry of default and that then Mr. Cotillier became aware that not only had serviced been accomplished, but he also had knowledge of service through an email on February 28, 2025. *Id.*, ¶ 11.

---

[1] But note his earlier complaint of not receiving a request to waive service. It is unclear whether he was waiting for service, a request to waive service (which he is familiar with), or both. It also is unclear from his affidavit as to how he was ". . . monitoring for service . . ." when he further admits that he received an internal email that service had been effectuated. How can one state they are "monitoring for service" in one breath, and then admit that they did no such monitoring when notice was actually given?

[2] It is curious how service of process on the Sheriff or Corporation Counsel would be service on Dane County, as Mr. Cotillier fails to explain how papers served on these entities would be effective service on Dane County since there is no allegation or statement that either has the legal ability to accept process.

Despite the recap of the steps leading to these motions, it is just as telling as to what is missing from Dane County's request for relief. First, Mr. Cotillier admits he was notified by email about the service taking place on February 28, Dkt. 27 at ¶¶ 11-12, but provides no other context about the email other than he missed it. He does not state that it was excusable neglect, that the press of business got to him or caused the failure to understand and acknowledge it, that on February 28 he had received 200 pkus emails and missed the particular one, or that he had some personal or family conflict that prevented him from responding. Indeed, Mr. Cotillier does not even provide the subject email to suggest, even blatantly, that the clerk who sent him the service packet did not stress enough that this was serious. Instead, he just says "[u]nfortunately, I missed this email correspondence . . . ." Dkt. 27, at ¶ 12. It is unclear how the Court can assess whether this is truly excusable neglect and not just garden variety plain negligence without an excuse, some excuse, as to how and why he missed this email that was part of Dane County's internal procedures.

Further, and also missing from the County's filings, is that there is no affidavit from Attorney Bitar as *to the steps that he took* to handle the filing and the failure to note that service had been accomplished; instead, this Court is only provided with Mr. Cotiller's hearsay statements about what he and Attorney Bitar discussed. But, Attorney Bitar has practiced long enough that there are things he could have done, besides his purported drafting of the waiver form. He could have called Plaintiff's counsel and asked if service had taken place; and if it had taken place (and was late or soon to be late) if an extension could have been provided; and, he could have requested permission to send the waiver to Plaintiff's counsel. Attorney Bitar even could have entered a notice of appearance on

behalf of the County (and Defendant Cody Woods) so at least he would receive alerts as to the case as soon as he knew that the lawsuit had been filed. And, all of these steps could have been accomplished weeks earlier, since Dane County knew by February 17 that the lawsuit had been filed. Finally, and more importantly, as soon as Attorney Bitar learned about this debacle, he still could have called and requested a professional courtesy extension from Plaintiff's counsel before filing these motions. But this response is not about Attorney Bitar, it is about Dane County and the person responsible for "monitoring" if service is accomplished.

Further troubling with respect to these motions is that Mr. Cotillier admits that even though Dane County has a procedure to notify him about service of process, he proclaims that he has taken steps to improve the internal procedures, but leaves everyone longing to find out what those new and improved steps are. Perhaps the clerk is required to physically walk to Mr. Cotillier's office and hand him the documents? Or send him a daily email until he acknowledges receipt? Or call him the telephone and alert him as to the steps. There is a system in place, and he bungled it (without explaining how), and now he claims it is improved without explaining how "internal procedure 2.0" is better than before. None of these statements sound like excusable neglect; rather, they sound like *plain neglect*.

Plain neglect does not meet the excusable neglect requirement under Rule 6(b)(1)(B) because plain neglect is not "excusable neglect." *Bowman*, 962 F.3d at 998, citing *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*, 926 F.3d 427, 431-32 (7th Cir. 2019) (dismissing appeal for failure to show excusable neglect under 28 U.S.C. § 2107(a)) and *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 708

(7th Cir. 2014) (holding that Federal Rule of Appellate Procedure 4(a)(5) requires "excusable neglect," which is more than "plain neglect"). Here, Mr. Cotillier fails to explain how or why he missed the email that was part of the internal procedure and which he purportedly had used for the 15 plus months he has been in the role of Risk Manager for Dane County. Just saying he missed the email is plain negligence.

Dane County also notes that Plaintiff is not prejudiced because of the late filing. "Lack of prejudice to the non-movant is often used as a reason to excuse neglect, but even if we assume that Bowman suffered no prejudice, it 'will not suffice if no excuse at all is offered or if the excuse is so threadbare as to make the neglect inexplicable.'" *Bowman*, 962 F.3d at 998, citing *United States v. McLaughlin*, 470 F.3d 698, 700–01 (7th Cir. 2006)." Here, Mr. Cotillier's lack of an excuse for missing the email is so threadbare that the burden should not be placed on Plaintiff to prove the negative (that it is prejudiced); the burden should be on Dane County to argue how missing an email that is part of the internal procedure constitutes excusable neglect.

Again, Plaintiff is aware that this Court has wide discretion to grant either or both motions. But, prior to doing so, would the Court be so inclined to grant this relief to a prisoner or other *pro se* litigant who does not have an internal procedure and missed an email clearly telling him or her that service had been effectuated? As the Court in *Bowman* noted, "We could fill page after page with citations to cases brought by prisoners that were dismissed for failing to follow court rules or deadlines. *See, e.g., Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) (stating that "[a]s we have repeatedly held, even pro se litigants must follow procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (noting that "the Supreme Court has made clear that even pro se litigants must

follow rules of civil procedure," citing *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993)). *If prisoners are held to that standard, their opponents should be too*." 962 F.3d at 998 (emphasis added).

## CONCLUSION

Dane County has every right to participate in the lawsuit and defend itself as to damages. But absent a showing of excludable neglect, and not just plain neglect, the Court should deny both motions.

Dated this 21st day of April, 2025.

**CADE LAW GROUP, LLC**
Attorneys for Plaintiff

By: s/Nathaniel Cade, Jr.
Nathaniel Cade, Jr., SBN 1028115
Annalisa Pusick, SBN 1116379
Madison Bedder, SBN 1121996
PO Box 170887
Milwaukee, WI 53217
(414) 255-3802 (o)
(414) 255-3804 (f)
nate@cade-law.com
annalisa@cade-law.com
madison@cade-law.com