UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ESTATE OF D. QUANTAZE CAMPBELL
by Quanise McClain, Special Administrator,

    Plaintiff,

               Case No. 25-cv-00105-wmc

 v.

CODY WOODS, DANE COUNTY, JOHN DOES 1-5,
and ABC INSURANCE COMPANY,

    Defendants.

---

**COMBINED REPLY BRIEF IN SUPPORT OF DEFENDANT DANE COUNTY'S MOTIONS TO VACATE ENTRY OF DEFAULT AND EXTEND TIME TO FILE ANSWER**

---

Dane County, by its attorneys, MUNICIPAL LAW & LITIGATION GROUP, S.C., respectfully submits this combined Reply Brief in Support of its Motions to Vacate the Clerk's Entry of Default and to Extend Time to File its Answer to the Plaintiff's Complaint.

**ARGUMENT**

The Estate conflates the two standards governing the pending motions: *good cause* is not synonymous with *excusable neglect*. *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). As explained in *Sims*, good cause pertains to the justification for judicial action—not necessarily to the defendant's error. *Id.* ("Damages disproportionate to the wrong afford good cause for judicial action, even though there is no good excuse for the defendant's inattention to the case."). *See also Ariens Co. v. Zawilla*, No. 12-cv-593, 2013 WL 12192517, at *1 (E.D. Wis. Feb. 6, 2013) ("Even where

1

there is no good excuse for the defendant's inattention to the case, there may be good cause for the judicial action where, for example, declining to grant a motion to vacate would result in a disproportionate or unjust award of damages.").

Excusable neglect, by contrast, encompasses delays resulting from "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). Whether excusable neglect exists is ultimately "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These circumstances include the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *See id.*

Here, Dane County has met the standard under Rule 55(c) for vacating the entry of default: there is good cause for the default, the County acted promptly to remedy the error, and it has asserted a meritorious defense to the Complaint.[1]

The default was the result of inadvertence—not a willful disregard of the litigation. The County's Risk Manager inadvertently overlooked an email from the County Clerk's Office forwarding the Summons and Complaint and, as a result, did not notify litigation counsel—who was representing the other County defendant—of the service. The Estate now seeks granular details about how the email was missed and

---

[1] In addition to showing good cause, a party may obtain relief from an entry of default—prior to the entry of judgment—by demonstrating that it promptly acted to correct the default and has an arguably meritorious defense to the underlying claims. *Sun v. Board of Trustees of the University of Illinois*, 473 F.3d 799, 809–10 (7th Cir. 2007). The Estate does not argue that the County failed to act promptly, nor does it dispute the merits of the County's stated defense. Accordingly, the County will address these factors only briefly in its reply, as the Estate appears to concede them.

2

speculates about steps the County or its defense counsel could have taken to avoid the default.

While the County acknowledges that a mistake occurred—and that internal processes for handling service are being refreshed to help ensure it does not happen again—the applicable standards do not require absolute perfection, nor do they justify full-scale litigation over an admitted service error.

The County properly handled receipt of the waivers for its employee, retained counsel, and managed the employee's answer deadline without issue. Moreover, the discovery drilling the Estate seeks would have to canvass the confusion caused by the differential service taking place on the County and the County's employee, who received differential and confusing array of service (publication, then a service packet with waivers, then apparently personal service). Although the County recognizes its mistake and acted promptly to correct it, the additional information the Estate seeks would not change the outcome: the County's showing still fully satisfies Rule 55's standard for vacating the entry of default.

Ultimately, Rule 55(c) does not demand a flawless explanation or a detailed forensic accounting of internal missteps. The Seventh Circuit has made clear that good cause is established where the defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence." *Cracco v. Vitran Exp. Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). This is a "lenient standard" that is to be "more liberally applied," reflecting the broader judicial policy that "favors trial on the merits over default judgment." *Id.*

The Eastern District of Wisconsin recently said this in denying a plaintiff's motion for default judgment:

> Applying the standards of Rule 55(c) and *Pioneer*, the court concludes that Plaintiffs' motion for default judgment should be denied and Wolfe's motion for leave to file a motion to dismiss should be granted. Wolfe has been candid about the reason for her failure to answer. The clerical error in filing the incorrect motion and brief, although not commendable, certainly does not amount to a willful decision to ignore the litigation. Wolfe moved quickly to remedy her failure; the length of the delay in filing the correct motion to dismiss is minimal and had no impact on judicial proceedings. In addition, Plaintiffs have provided no basis for finding that they would be prejudiced, and Wolfe has stated a meritorious defense to Plaintiffs' claims. The court finds that justice is best served by allowing this matter to proceed on the merits.

*McCole v. Wolfe*, 2025 WL 1024310, at *2 (E.D. Wis. Apr. 7, 2025). This Court should reach the same conclusion here.

Once the default was discovered, the County acted promptly—filing its Answer and then moving to vacate the entry of default. There is no basis to suggest that the County willfully disregarded the litigation. Nor is there any basis to conclude that the Estate suffered prejudice, despite its cursory assertion to the contrary. The delay in answering has had no impact on the proceedings, as the parties are set to begin the pretrial process in less than two weeks and the Estate has already reached out to develop the Rule 26(f) joint discovery plan for all parties, including the County.

Even if the Court were to find no good excuse for the County's failure to monitor the service properly and tend to the answer deadline, there is still good cause to vacate the entry of default under these circumstances. The County acted quickly, acknowledged the error, presented a timely defense for its sued employee, and has liability standards that must be adequately met by material evidence, not conclusory allegations.

All requirements for vacating the entry of default are satisfied here: good cause, prompt corrective action, and a potentially meritorious defense. Moreover, as courts have recognized, in conjunction with vacating the entry of default the court should allow leave to file a responsive pleading. *See Haertle v. Brennan Inv. Grp., LLC*, No. 14-CV-1347, 2015 WL 12964670, at *2 (E.D. Wis. June 4, 2015).

Even apart from Rule 55(c), consideration of all relevant factors under Rule 6(b)(1)(B) independently supports granting the County's requested extension.

Once again, the delay in answering was the result of inadvertence—not careless disregard. The oversight caused no prejudice to the Estate, resulted in no disruption to the proceedings, and was promptly corrected once discovered. This swift response underscores the absence of bad faith and supports relief under Rule 6. Indeed, courts have granted relief in similar—if not more culpable—circumstances, recognizing that inadvertent error alone does not preclude a finding of excusable neglect.

> <u>Both counsel and his assistant were aware that Ball was served</u>, <u>but neither took note of the deadline to answer or otherwise respond</u>. <u>Counsel apparently failed to realize the oversight for over two weeks after the deadline</u>. Nevertheless, a finding of excusable neglect "is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer," but may extend to some situations in which the delay is caused by "inadvertence, mistake, or carelessness." *Pioneer*, 507 U.S. at 388. <u>There is no indication of bad faith or a willingness to ignore the proceedings on Ball's or her counsel's part</u>. <u>The impact to the proceedings is minimal; no scheduling order is in place</u>. <u>And ultimately, the Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment</u>." *Yong-Qian Sun v. Bd of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007).

*Hying v. Hodges*, No. 23-CV-1361-JPS-JPS, 2024 WL 233374, at *2 (E.D. Wis. Jan. 22, 2024) (emphasis added).

## **CONCLUSION**

For the above reasons, Dane County asks the Court to grant its motions pursuant to Rules 55(c) and 6(b)(1)(B), vacate the Clerk's entry of default, and accept the County's late-filed Answer. Granting this relief will allow the County to present a full defense to the claims asserted and permit this case to proceed on the merits, as it should.

Dated this 25th day of April, 2025.

        **MUNICIPAL LAW & LITIGATION GROUP, S.C.**

        Attorneys for Cody Woods, Dane County, John Does 1–5, and ABC Insurance Company

        By: */s/ Electronically signed by Remzy D. Bitar*
            REMZY D. BITAR
            State Bar No. 1038340
            MATTEO REGINATO
            State Bar No. 1089724

            730 N. Grand Avenue
            Waukesha, WI 53186
            O: (262) 548-1340
            F: (262) 548-9211
            E:    rbitar@ammr.net
                  mreginato@ammr.net